UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP ANDREW DUFF and THE SMD GROUP LIMITED<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>GURU DENIM, INC., TRUE RELIGION APPAREL, INC. and DOES 1 though 10, inclusive,<br><br>　　　　　　Defendants. | Case No. CV10-4611-GW-JCx<br>Honorable George H. Wu<br><br>**PROTECTIVE ORDER**<br><br>**[NOTE CORRECTION OF APPARENT CROSS-REFERENCE ERROR MADE TO PARAGRAPH 8]** |
| AND RELATED COUNTERCLAIM | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents,

experts and consultants, all third parties providing discovery in this action who agree in writing to be bound by the terms of this Order, and all other interested persons with actual or constructive notice of this Order who agree in writing to be bound by the terms of this Order – shall adhere to the following terms:

1. **Overview:**  Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" of "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. **Material Designated As "Confidential":**  The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material that consists of, contains, or otherwise refers to any commercially sensitive and/or confidential financial or business information, such as purchase records, sales records, item profitability reports, pricing methods, and confidential nonpublic contracts.  The parties, or some of them, request protection of such information on the grounds that the information is not ordinarily available to the public, that the information, if disclosed, could be harmful to the parties, or any of them, that the information, if disclosed, could be helpful to the competitors of the

parties, or any of them, and that the information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3. **Disclosure Of "Confidential" Materials:** No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except:

(a) the parties to this action and Protective Order, including their employees;

(b) former employees of a producing party, so long as: (1) the producing party has provided written approval in advance that the Confidential Information may be shown to the former employee, and (2) the former employee signs a Non-Disclosure Agreement in the form attached as Exhibit A;

(c) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

(d) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any employee or agent of any sender or recipient of the document;

(f) any former employee or agent of any sender or recipient of the document so long as: (1) the producing party has provided written approval in advance

that the Confidential Information may be shown to the former employee or agent, and (2) the former employee signs a Non-Disclosure Agreement in the form attached as Exhibit A;

   (g) any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (h) stenographers engaged to transcribe depositions conducted in this action and their support personnel, including videographers;

   (i) the Court and its support personnel;

   (j) any mediator or settlement officer whom the parties have elected or consented to preside over the case;

   (k) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  4. **Material Designated As "Confidential/Attorneys' Eyes Only":** The person or party disclosing or producing any given Discovery Material may designate as "Confidential/Attorneys' Eyes Only" such portion of such material that consists of, contains, or otherwise refers to any information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive — such as trade secrets or highly sensitive business, financial, technical, research and development, or product

plans or developments, including but not limited to information of the type described in paragraph 2, above — and whose disclosure to any person other than the parties' respective outside counsel, as set forth in section 5 below, would create a substantial risk of injury, including but not necessarily limited to competitive, commercial, economic, and/or marketplace harm, that could not be avoided by less restrictive means.

   5. **Disclosure Of "Confidential/Attorneys' Eyes Only" Material:** No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

   (a) outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

   (b) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   (c) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   (d) the party producing the documents, including the producing party's employees;

   (e) stenographers engaged to transcribe depositions conducted in this action, including videographers;

   (f) the Court and its support personnel

   (g) any mediator or settlement officer whom the parties have elected or consented to preside over the case, and/or

   (h) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  6. **Deposition Transcripts:** With respect to the Confidential potion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, depending on the particular designation, as

either "Confidential Information Governed by Protective Order" or "Confidential/Attorneys' Eyes Only Information Governed by Protective Order."

7. **Documents Under Seal:** The designation of documents or information as "Confidential" or "Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file materials under seal.

8. **Separate Non-Disclosure Agreements:** Disclosure of any Confidential Discovery Material to any person referred to in paragraph 3g or 5c above shall not be made unless prior to disclosure, such person is provided by counsel with a copy of this Protective Order and signs a Non-Disclosure Agreement in the form agreed to by the Parties, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In no event shall a party be entitled to obtain a signed Non-Disclosure Agreement signed by an opposing party's expert witness until after the witness is designated as a testifying expert.

9. **Failure To Designate:** If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that

person or party previously produced without limitation should be designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", he, she or it may so designate by so apprising all parties in writing, and providing the parties with appropriately marked copies of the Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" under the terms of this Order.

10. **Designations In Good Faith:** "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

11. **Objections To Designations:** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If

agreement cannot be reached within ten calendar days, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same. Should the Court determine a designation of confidentiality was not made in good faith, the objecting party shall be entitled to seek recovery of reasonable attorneys fees and costs in connection with bringing the Motion to object to any designation of confidentiality. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential Material, that party nevertheless shall treat and protect such material as Confidential Material in accordance with this Protective Order unless and until all parties shall have agreed in writing, or an order of the Court shall have been entered, that provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified for Confidential Material in this Protective Order.

12. **Use At Trial:** Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial. However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew its request for confidentiality at any time before trial, including at the Pretrial Conference or by way of a timely-filed motion in limine.

13. **Continuing Jurisdiction:** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14. **Obligations Upon Termination Of Litigation:** This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, the producing party may require that all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies thereof, that have not been annotated, illuminated or otherwise "marked up" to be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed (except documents in the possession of the Court or Court personnel). All documents marked "Confidential," and/or "Confidential/Attorneys' Eyes Only" that have been annotated, illuminated or otherwise "marked up" shall not be returned, but shall be destroyed (except documents in the possession of the Court and Court personnel).

///

///

///

15. **Further Modifications:** Any party to this action may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**

Date:  December 28, 2010            _____/s/_____
                                    Hon. Jacqueline Chooljian
                                    United States Magistrate Judge

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I understand that access to information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____

SEL PAS934420.1-*-12/15/10 3:10 PM